**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| RICKY LEE CHAVIS, <br>           Petitioner <br><br> v. <br><br> WARDEN DAVID ORTIZ, <br><br>           Respondent | Civ. No. 19-16208 (RMB) <br><br> OPINION |

    This matter comes before the Court upon Petitioner Ricky Lee Chavis's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner is a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey, who challenges his conviction under 18 U.S.C. § 922(g), based on the Supreme Court decision in <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019). (Pet., ECF No. 1, ¶2.) Respondent filed a motion to dismiss for lack of jurisdiction. (Mot. to Dismiss, ECF No. 5.)

    For the reasons discussed below, the Court will grant Respondent's motion to dismiss and transfer the petition to the United States District Court, Eastern District of North Carolina for consideration under 28 U.S.C. § 2255.

I.    BACKGROUND

    On September 14, 2016, in the United States District Court, Eastern District of North Carolina, Petitioner pled guilty to being

a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). United States v. Chavis, No. 7:16-cr-00051-FL-1 (E.D.N.C.) (ECF Nos. 23-25.) (hereinafter "Chavis, 16cr51.")[1] On March 8, 2017, Petitioner was sentenced to 65 months in prison. Id., ECF No. 36 at 2. The sentencing court departed upward from the advisory guideline range based on Petitioner's "recidivism, lengthy history of violent conduct, and attempt at sentencing to justify his criminal behavior." United States v. Chavis, 711 F. App'x 142, 143 (4th Cir. 2018) (per curiam). Petitioner's sentence was affirmed on appeal by the Fourth Circuit Court of Appeals. Id. Petitioner did not file a motion under 28 U.S.C. § 2255 challenging the validity of his conviction or sentence. (Pet., ¶10(a), ECF No. 1.)

II.  DISCUSSION

    A.  The Petition

Petitioner seeks to bring his claim under 28 U.S.C. § 2241 based on the narrow exception to the general rule that a Petitioner must challenge his conviction and sentence in the sentencing court under 28 U.S.C. § 2255. (Petr's Mem., ECF No. 1-1 at 2, citing In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997.)) Petitioner asserts that he falls within the Dorsainvil exception because his actual innocence claim mirrors the recent Supreme Court decision in

---

[1] Available at www.pacer.gov.

2

Rehaif, 139 S. Ct. 2191 (2019). (Id.) Petitioner claims that the Government failed to prove that he knew he belonged to the relevant category of persons barred from possessing a firearm. (Id. at 3.) Petitioner contends that he cannot satisfy the gatekeeping provisions of § 2255 and must bring his claim under § 2241. (Id. at 4.)

    B.    Respondent's Motion to Dismiss

Respondent argues that Petitioner does not meet the Dorsainvil jurisdictional exception because Petitioner never filed a § 2255 motion and he still may file a timely motion under § 2255(f)(3). (Respt's Brief, ECF No. 5-1 at 5.) The Supreme Court's decision in Rehaif was issued on June 21, 2019, and Petitioner has one year from that date to file his § 2255 motion in the Eastern District of North Carolina. (Id.)

    C.    Standard of Law

28 U.S.C. § 2255 is the presumptive means for a federal prisoner to challenge the validity of a conviction. Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017). "[A] defendant may proceed via a § 2241 petition, rather than a § 2255 motion, if a court's subsequent statutory interpretation renders the defendant's conduct no longer criminal and he did not have an earlier opportunity to raise the claim." Sheehan v. Warden Allenwood FCI, 800 F. App'x 84, 85 (3d Cir. 2020) (per curiam)

3

(citing Bruce, 868 F.3d at 180 and In re Dorsainvil, 119 F.3d at 251.)

    D.   Analysis

As Respondent points out, the Supreme Court decided Rehaif on June 21, 2019. Petitioner filed his petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court on August 2, 2019. At that time, Petitioner could have brought his Rehaif claim in the sentencing court under 28 U.S.C. § 2255(f)(3). Thus, Petitioner had an earlier opportunity to raise his claim under § 2255.

28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court … in which the action … could have been brought at the time it was filed … and the action … shall proceed as if it had been filed in … the court to which it is transferred on the date upon which it was actually filed in … the court from which it is transferred.

Thus, this Court will transfer the petition to the United States District Court, Eastern District of North Carolina. Petitioner is advised that any subsequent § 2255 motion will be subject to the restrictions on second or successive motions. See 28 U.S.C. § 2255(h). Therefore, once transferred to the sentencing court, Petitioner may withdraw the petition or amend it to include all claims Petitioner seeks to bring. See Castro v. United States, 540 U.S. 375, 383 (2003) (court must notify Petitioner when

4

petition is construed as first § 2255 motion to permit Petitioner to withdraw or modify petition).

III. CONCLUSION

For the reasons discussed above, the Court grants Respondent's motion to dismiss for lack of jurisdiction.

An appropriate Order follows.

Date:  May 7, 2020

                                          s/Renée Marie Bumb
                                          **RENÉE MARIE BUMB**
                                          **UNITED STATES DISTRICT JUDGE**